(77 South. 704)

JEFFERSON COUNTY SAV. BANK v. J. C. CARLAND & CO. (6 Div. 473.)

(Supreme Court of Alabama. Nov. 15, 1917. Petition for Rehearing Dismissed Jan. 24, 1918.)

1. ASSIGNMENTS ⬤⟿135—EVIDENCE—ADMISSIBILITY.

Where subcontractors executed an order directing defendant, the principal contractor, to pay amounts due them for work on a railroad to plaintiff bank and such order was accepted, the original contract between defendant and the railroad company, which was referred to in the contract between defendant and the subcontractors, together with the contract between those parties, was admissible.

2. ASSIGNMENTS ⬤⟿111 — CONSTRUCTION — LANGUAGE USED.

Where subcontractors directed defendant, the principal contractor, to pay to plaintiff bank any and all amounts due, or which might thereafter become due them, after deducting any and all amounts due it, defendant, the principal contractor, was entitled to deduct, not only amounts then due, but those that thereafter should become due it from the subcontractors.

Appeal from City Court of Birmingham; H. A. Sharpe, Judge.

Action by the Jefferson County Savings Bank against J. C. Carland & Co. From a judgment for defendant, plaintiff appeals. Affirmed.

Coleman & Coleman and Sterling A. Wood, all of Birmingham, for appellant. George H. Parker, of Cullman, J. T. Stokely, of Birmingham, and Eyster & Eyster, of Albany, for appellee.

McCLELLAN, J. The plaintiff (appellant) instituted this action against the defendants (appellees), and stated its case in the common counts. Besides the general issue, defendants set up payment, in plea 2, and accord and satisfaction, in plea 3. Plea 4 was stricken in response to plaintiff's motion. The plaintiff moved to strike plea 3 on the sole ground that it was not verified by the defendants. Since the plea was verified, as appears from the record, this motion was properly overruled. The case was tried by the court without jury; and, upon consideration of the evidence, the court's conclusion was against the plaintiff, whereupon judgment for the defendants was rendered and entered.

---

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Prior to the 2d day of October, 1913, the defendants were contractors with the Lewisburg & Northern Railroad Company to construct a part of a railway line in Tennessee, and Toney & Lawler were subcontractors under the defendants in the doing of this work for the railway company. The following letter and order, and the acceptance thereof by the defendants became, on or about October 2, 1913, the memorial of the contract involved in this suit:

"Birmingham, Ala.   Oct. 2—13.

"Messrs. J. C. Carland & Company, General Contractors. Toledo, Ohio—Gentlemen: Please pay to the Jefferson County Savings Bank, Birmingham, Ala., any and all amounts due us now, or that may hereafter be due us, for work performed by us for you on the Lewisburg, Tenn. branch of the L. & N. R. R. Co., or at any other point in the states of Alabama and Tenn. After deducting any and all amounts due you. The said bank, or any of its officers, is hereby authorized to receipt you in our name, or its own name, for any moneys, checks or vouchers you may send them from time to time. This order is written in duplicate and is irrevocable. Kindly accept one copy of same and return to said Bank in due course. Your compliance with the above request will oblige.
"Yours very truly,     Toney & Lawler,
"By J. E. Toney.

"The above order is hereby accepted by us.
"J. C. Carland & Company,
"By Jno. C. Carland."

At that time the following contract was in effect between the defendants (Carland & Co.) and Toney & Lawler, with respect to the work here involved:

"This is to certify that J. C. Carland & Co. has contracted with Toney & Lawler to do all excavation on their contract with the Lewisburg & Northern R. R. except the big cut at station 3375 to 3420 and also so much of this cut as they are able to do after finishing their contract—at the flat price of sixty-eight cents per cubic yd. no overhaul. The approximate quantity hereby let to the said Toney & Lawler is 50,000 cu. yds. and the said Toney & Lawler agrees to start to work immediately and to push the work with all possible expediency. This contract or agreement is hereby made in lieu of a regular form contract and carries with it all the terms, conditions, specifications and agreements embodied in the contract between J. C. Carland & Co. and the said Lewisburg & Northern R. R. Co.
"Signed this the 28th day of July, 1913.
"Jno. C. Carland & Co.
"Toney & Lawler.
"Witness: H. R. De Lorme."

As appears from the plain terms of the last-quoted contract, the contract then existing between the railroad company and Carland & Co. became, by express appropriation, a part of the contract then made between Carland & Co. and the subcontractors, Toney & Lawler. It is hardly necessary to say that, in the state of the obligations created by and resulting from the accepted order, first quoted, and the contract between these defendants and Toney & Lawler and the contract between the railroad company and the defendants, the court committed no possible error in admitting all of these instruments in evidence, nor in permitting evidence tending to show observance, and its character, of their stipulations under them.

[2] The important question presented by some of the errors assigned is the meaning and effect of this provision in the accepted order of October 2, 1913, "after deducting any and all amounts due you." The appellant's insistence is that this phrase, when read in connection with the preceding terms in which "any and all amounts due us [Toney & Lawler] now, or that may hereafter be due us," intended to refer to amounts then, and not thereafter due Carland & Co. The court below declined to accept this view of the accepted order's effect as expressive of the intention of the parties. After a careful scrutiny of all the terms used in this order, in the light of the contractual relations existing between the subcontractors and Carland & Co., with particular reference to and in clear contemplation of which this order was made, our conclusion is in accord with that given effect by the court below. Aside from the italicized stipulation for "deduction of any and all amounts due" Carland & Co., the order, not the acceptance indorsed on it, undertook to direct, when accepted, the payment to the bank of all present and future dues to Toney & Lawler from a particular source or service, viz. "for work performed by us [i. e., Toney & Lawler] for you [Carland & Co.]," on railway construction in Tennessee and Alabama. Such was the manifest purpose of these parties in respect of the source from which the money to be paid to the bank should be derived, the service for which Carland & Co. should become a debtor to Toney & Lawler. But the other provision of the order, viz. "after deducting any and all amounts due you [Carland & Co.]," was introduced; and this expression must be accorded the effect the parties intended it should have. It is to be noted that the source from which the money to be paid the bank was to come expressly contemplated a continuing process; was not confined to a then existing obligation to pay "for work performed" for Carland & Co. It is to be further noted that the phrase providing for the "deduction" did not employ the restrictive term "now" in defining the time or occasion when the deduction should be made. The appellant would have the phrase read to that effect; but to do so would, obviously, we think, interject a material provision that the parties themselves have seen fit to omit. An interpretation on that basis would be unwarranted. The word "after," in the phrase, served to define the time, the occasion, the circumstance of the "deduction"; and, according to its appropriate significance and grammatical relation, qualified the sentence precedingly employed in the order that expressed the signers' direction to pay to the bank money then due or thereafter to become due from the particular source described therein. The phrase, "after deducting any and all amounts due" Carland & Co. is itself

clear and broadly comprehensive in its purpose and effect. It includes "any and all amounts due" Carland & Co., whatever the source, circumstance, or occasion of their creation. This stipulation did not confine the "any and all amounts due" Carland & Co., amounts to be deducted, to the amounts that became or were to come due in consequence of "work performed" by Toney & Lawler for Carland & Co. In the broadest language "any and all amounts due" Carland & Co. were to be deducted before the order and obligation to pay the bank attached to an amount or amounts due, or to become due, Toney & Lawler "for work performed" for Carland & Co. The limitation written in the order, and necessarily restricting the acceptance made of 'it, through the employment of the phrase, "after deducting any and all amounts due" Carland & Co., operated to restrict the subject of the order's effect, viz. the money it obliged the acceptor to pay to the bank. In other words, the limitary phrase defined the accepted order's effect to be this: To pay the bank the net balance due Toney & Lawler for work performed as stipulated, a balance that represented the difference between the amounts then due or thereafter due for the work specified and "any and all amounts due" Carland & Co. for any account. By transposing the phrase to its more appropriate place in the first paragraph of the order, and thereby contributing to the more perfect expression of what seems to this court to be the clear intent of the parties, the order would then read: "After deducting any and all amounts due you, please pay to the Jefferson County Savings Bank, * * * any and all amounts due us now, or that may hereafter be due us, for work performed by us for you" on railways in Tennessee and Alabama. Under this view of the effect of the accepted order, it was incumbent upon the plaintiff to show that the defendants were due something to Toney & Lawler; that there was a balance in the hands of the defendants in favor of Toney & Lawler. This burden was not discharged by the plaintiff; and hence the plaintiff was not entitled to recover. If error there was in any ruling noted in the assignments of error (a condition we do not intend to intimate exists), it was harmless to the plaintiff. It follows that the judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.